UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW LUKER, on behalf of himself and on behalf of all others similarly situated,**

    Plaintiffs,

v.   **CASE NO:**

**COGNIZANT TECHNOLOGIES SOLUTIONS U.S. CORPORATION,**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Named Plaintiff MATTHEW LUKER, on behalf of himself and all others similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby sue Defendant COGNIZANT TECHNOLOGIES SOLUTIONS U.S. CORPORATION (hereinafter "Defendant"), and state as follows:

1. Cognizant Technologies Solutions U.S. Corporation, the ultimate parent company of Defendant, is a multinational corporation with net revenues approximately $16 billion.

2. Cognizant employs approximately 285,000 employees nationwide.

3. Defendant's policy and practice is to deny earned wages and overtime pay to its telephone-dedicated hourly employees at its call center facilities. Defendant's deliberate

failure to pay call center employees their earned wages and overtime compensation violated the Fair Labor Standards Act ("FLSA").

4. Plaintiffs work as call center employees at Defendant's call center located in Orlando, Florida.

5. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiffs and all other similarly situated workers employed in Defendant's call centers nationwide.

6. The United States Supreme Court has held that, among other things, preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *See IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005).

7. Plaintiffs and similarly situated employees engage in numerous preparatory activities, as well as related work activities, performed at the beginning of the work day, over breaks and at the end of the work day, that are integral and indispensable for them to perform their duties. It is Defendant's policy and practice not to pay Plaintiffs, and all other similarly situated call center employees for their work time and, consequently, Plaintiffs, and all other similarly situated call center employees are consistently working "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiffs and all similarly situated employees are entitled to compensation for the time they spend working pre-shift, post-shift and over unpaid breaks.

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

10. Defendant Cognizant is a New Jersey corporation with its principal place of business in New Jersey.

11. Defendant Cognizant does business in the State of Florida and nationwide.

12. Plaintiff Matthew Luker currently is a resident of Tampa, Florida.

## GENERAL ALLEGATIONS

13. Defendants operate call centers in numerous states across the country. Upon information and belief, Defendants operate call centers in the following states, including, but not limited to: Florida, New York, Georgia, Ohio, North Carolina, New Jersey, and Illinois. These call centers collectively employ thousands of class members.

14. The principal job duty of Defendant's telephone-dedicated call center employees is to take calls from or make calls to existing customers in order to provide customer service. The customer service provided by Defendant's call center employees includes activating or updating accounts, assisting with billing inquiries, and addressing billing, credit, and collection issues.

15. Defendant pays Plaintiffs and their other call center employees on an hourly basis and classify Plaintiffs and other call center employees as "non-exempt" under the FLSA.

The majority of Defendant's call center workers are full-time employees scheduled to work 40 hours per week.

16.     Defendant's call center employees are not allowed to accurately record all of the time they work.  According to Defendant's policy, telephone-dedicated call center employees must be ready to take or make a call at the beginning of their scheduled shift. A number of critical tasks must be performed before a call center employee is ready to take a call from or make a call to a customer.  These tasks include (1) logging on to a computer; (2) logging on to Defendants' network; (3) opening relevant computer programs and software applications; (4) reviewing memoranda and e-mail; (5) summarizing notes from previous telephone calls; and (6) completing other essential tasks.  In accordance with Defendants' policy, call center employees are required, or encouraged to, complete these essential tasks before their shifts begin, during their designated lunch breaks, and after their shifts are completed.

17.     Call center employees are not permitted to be paid for the administrative time logging in, and will not be paid for this time, but only after their first call is made.  Similarly, call center employees are required to, or encouraged to, clock out immediately upon the conclusion of their last call of the day.  Because Defendants' policy is to record only the time when call center employees are ready to take or make calls, they do not pay their call center employees for all the integral and indispensable tasks that are necessary for employees to provide telephone-dedicated customer service, including work performed pre-shift, post-shift and over unpaid meal breaks.

18.     Defendants could easily and accurately record the actual time call center employees spend working, for example, by paying them from the time they clock in on arrival instead of after it places its first call.  Upon information and belief, Defendants adhere to the same policy and practice with respect to call center employees at all their other call centers nationwide.

19.     Defendants' policy and practice fails to pay overtime compensation and willfully fails to keep accurate time records. Defendants enjoy ill-gained profits at the expense of its hourly employees.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs re-assert and re-allege the allegations set forth in paragraphs 1 through 19 above.

21. Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

> **all current and former hourly call center employees employed by Defendants who have worked at any time during the last three (3) years within the United States.**

22. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hour worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I – FLSA OVERTIME VIOLATION

24. Plaintiffs re-assert and re-allege the allegations of paragraphs 1 through 23 above.

25. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

26. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.SC. § 27(a)(1).

27. Defendant are subject to the overtime pay requirements of the FLSA because they are in an enterprise engaged in interstate commerce and their employees are engaged in commerce.

28. Defendant violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by their employees.

29. Section 13 of the FLSA, codified at 29 U.S.C. § 13, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemption apply to Plaintiffs or call center employees.

30. Plaintiffs, and all similarly situated employees, are victims of a uniform and facility-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all call center employees in Defendant's call centers, located nationwide.

31. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

32. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

33. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees. Accordingly, Defendant are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiffs and all similarly-situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) notice to be sent to all eligible employees of their right to participate in this case; (6) a declaration that Defendants' policy violates the FLSA; (7) corrective notice; and (8) such other relief as the Court deems fair and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of June, 2019.

                            Respectfully submitted,

                            */s/ Brandon J. Hill*
                            **BRANDON J. HILL**
                            Florida Bar Number: 0037061
                            **WENZEL FENTON CABASSA, P.A.**
                            1110 N. Florida Avenue, Suite 300
                            Tampa, Florida 33602
                            Main Number: 813-224-0431
                            Direct Dial: 813-337-7992
                            Facsimile: 813-229-8712
                            Email: bhill@wfclaw.com
                            Email: twells@wfclaw.com
                            **Attorneys for Plaintiff**

                            **And**

                            **CHAD A. JUSTICE**
                            Florida Bar Number: 121559
                            **JUSTICE FOR JUSTICE LLC**
                            1205 N Franklin St, Suite 326
                            Tampa, Florida 33602
                            Direct No. 813-566-0550
                            Facsimile: 813-566-0770
                            E-mail: chad@getjusticeforjustice.com
                            **Attorney for Plaintiff**