**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATTHEW LUKER, on behalf of**
**himself and on behalf of all**
**others similarly situated,**

      **Plaintiffs,**

**v.**                                     **CASE NO:  8:19-cv-01448-T-02JSS**

**COGNIZANT TECHNOLOGIES**
**SOLUTIONS U.S. CORPORATION,**

      **Defendant.**
_____/

**ORDER GRANTING PLAINTIFF'S MOTION**
**FOR FINAL APPROVAL OF CLASS SETTLEMENT**

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Final

Approval of Class Settlement ("Motion for Final Approval") (Doc. 40), filed on June 12, 2020.

Defendant agrees, for settlement purposes only, not to oppose the motion.  The Motion is due to

be **GRANTED**, as set forth further below:

On January 14, 2020, this Court granted preliminary approval to the proposed Class Action

Settlement ("Settlement") set forth in the Parties' Joint Motion for Preliminary Approval of their

Class Settlement Agreement (the "Settlement Agreement").  (Doc. 14).   The Court provisionally

certified the case for Settlement purposes, approved the procedure for giving Class Notice to the

Settlement Class Members, and set a final approval hearing to take place on June 19, 2020.

On June 19, 2020, the Court held a duly noticed final approval hearing to consider:  (1)

whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate;

(2) whether a judgment should be entered dismissing the Named Plaintiff's Complaint on the

merits and with prejudice and against all persons or entities who are Settlement Class Members;

and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to the Named Plaintiff.

The Court finds that the Notice to the Settlement Class substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. As such,

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion (Doc. 40) is **GRANTED**.

2.      All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

3.      The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment, and the Named Plaintiff has Article III standing.   Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

4.      The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions.  The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted

litigation.

5.    The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) as to the unpaid wage class have been satisfied for settlement purposes only for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Named Plaintiff had and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; and, (e) prosecuting separate actions by individual Settlement Class Members would create a risk of inconsistent or varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct for Defendant, and would create a risk of adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of other Settlement Class Members and would substantially impair or impede their ability to protect their interests.

6.    Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement.

7.    The Court finds the requirements of the Class Action Fairness Act have been satisfied.

8.    The Court appoints attorneys Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Chad Justice from Justice for Justice, as class counsel. Further, the Court designates Named Plaintiff Matthew Luker as the Class Representative.

9.    The Court makes the following findings on Notice to the Settlement class.

(a)    The Court finds that the distribution of the Class Notice, as provided for in the

Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)       The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

10.       The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e), and also as to the FLSA claims in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

11.       The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

12.       The Court approves the distribution of the Settlement Fund, as described in the

Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

13.     The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

14.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of one-third ($96,666) of the gross Settlement Fund payable pursuant to the terms of the Settlement Agreement, plus costs totaling $10,133.48.  The Court also awards a Service Award in the amount of $10,000.00 to Matthew Luker.

15.     The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

17.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

18.     The Court maintains jurisdiction over this case to enforce the terms and conditions of the Settlement Agreement if needed.

DONE and ORDERED this 19th day of June, 2020.

_____

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record